**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

CHARLES G. REECE,                              No. CIV S-10-1915-LKK-CMK-P

      Plaintiff,

   vs.                                          <u>FINDINGS AND RECOMMENDATIONS</u>

SANDRA BROWN, et al.,

      Defendants.

_____/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. <u>See</u> <u>McHenry v. Renne</u>,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4  allege with at least some degree of particularity overt acts by specific defendants which support

5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6  impossible for the court to conduct the screening required by law when the allegations are vague

7  and conclusory.

8          In this case, plaintiff claims that his due process rights were violated during a

9  September 25, 2009, parole suitability hearing.  Specifically, he alleges he was denied a fair and

10  impartial hearing, he was denied the right to present rebuttal psychological evidence, and the

11  psychological report used was old.  Plaintiff claims that he was improperly denied parole.

12  Plaintiff seeks an order declaring that defendants violated his constitutional rights.  He also seeks

13  money damages and an order barring defendants from working as parole commissioners.

14          When a state prisoner challenges the legality of his custody and the relief he seeks

15  is a determination that he is entitled to an earlier or immediate release, such a challenge is not

16  cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ

17  of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,

18  131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.

19  1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief

20  alleges constitutional violations which would necessarily imply the invalidity of the prisoner's

21  underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is

22  not cognizable under § 1983 unless the conviction or sentence has first been invalidated on

23  appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520

24  U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural

25  defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary

26  sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not

cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

Here, success on plaintiff's claim would necessarily imply that he was denied due process in the course of the September 2009 parole hearing. This in turn necessarily implies the invalidity of the denial of parole at that time. As such, plaintiff's claim is not cognizable until and unless plaintiff can show that the September 2009 parole determination has been set aside. This case is distinguishable from the situation addressed in Wilkinson v. Dotson, 544 U.S. 74 (2005). There, the Supreme Court allowed to proceed a civil rights action challenging the procedures used to determine when an inmate could be reviewed for parole. Success on the claim would, at most have resulted in changed procedures which would hasten consideration of parole, but not necessarily imply the invalidity of the earlier parole determination under the prior procedures. In the case at bar, plaintiff's claim of procedural due process violations in the context of the actual suitability hearing necessarily implicates the result of that hearing and, as such, the validity of plaintiff's continued incarceration.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

///

1    Based on the foregoing, the undersigned recommends that this action be dismissed

2    without prejudice.

3    These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court.  Responses to objections shall be filed within 14 days after service of

7    objections.  Failure to file objections within the specified time may waive the right to appeal.

8    See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10    DATED: November 9, 2010

11

12    CRAIG M. KELLISON
       UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26